UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

JASMIN CYONE ANDERSON

VERSUS

New Orleans Police Chief SHAUN FERGUSON,
The NEW ORLEANS POLICE DEPARTMENT,
OFFICER, TORREY RILEY
in his individual and in his official capacity,
OFFICER HECTOR ACOSTA
individually and in his official capacity, and the.
CITY OF NEW ORLEANS through MAYOR
LATOYA CANTRELL

22-1534

SECTION:

SECT. I MAG. 2

MAGISTRATE:

FILED:_____ DEPUTY CLERK:_____

PLAINTIFF'S PETITION FOR DAMAGES FOR CIVIL RIGHTS COMPLAINT
AND STATE LAW CLAIMS FOR EXCESSIVE FORCE AND NEGLIGENCE

**NOW INTO COURT**, comes Plaintiff, **JASMIN CYONE ANDERSON,** a person of full age, appearing individually who with respect states as follows:

PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of Defendants New Orleans Police Chief Shaun Ferguson, of the New Orleans Police Department in both his individual and official capacity, the City of New Orleans through its Mayor, LaToya Cantrell, in her official capacity, Police Officer

Fee $402.00
Process_____
X Dktd_____
___CtRmDep_____
___Doc.No._____

1

Torrey Riley both individually and in his official capacity, Police Officer Hector Acosta, both individually and in his official capacity,

2. Defendants City of New Orleans and Officers Torrey Riley and Hector Acosta and NOPD Police Chief Shaun Ferguson and Mayor Latoya Cantrell, were jointly and insolido negligent in their capacity in failing to train, failing to supervise, failure to give immediate aftercare and failure to have a accurate IAD investigation of the negligence and excessive force used on Plaintiff JASMIN CYONE ANDERSON by Officers Torrey Riley and Officer Hector Acosta in using excessive force to shoot JASMIN CYONE ANDERSON, on May 31, 2021, at about 12:30 a.m. in the city of New Orleans.

3. Defendants were negligent in their acts of participation in the brutal and senseless shooting of JASMIN CYONE ANDERSON on May 31, 2021, after 12:30 am after she JASMIN CYONE ANDERSON stood up behind the NOPD police cruiser of Defendant Police Officer Torrey Riley and was shot by Defendant Officer Torrey Riley in the front chest due to lack of training, lack of supervision, failure to follow policies and procedures of the New Orleans Police Department, and failure to uphold the rights entitled to JASMIN CYONE ANDERSON under the Laws of the State of Louisiana and the United States Constitution.

4. JASMIN CYONE ANDERSON was shot after Defendant Officers Torrey Riley and Officer Hector Acosta were firing multiple rounds at Wilton Anderson, who shot at the Officers Riley

and Acosta, and then ran away from a home at 2012 Mirabeau, New Orleans, La. as they tried to arrest Wilton Anderson.

5. As Officer Torrey Riley fired several rounds at Wilton Anderson, Wilton Anderson ran away.

6. As Wilton Anderson ran and left the scene, JASMIN CYONE ANDERSON, was running away from Wilton Anderson as he was shooting at Defendant Officers Torrey Riley and Officer Hector Acosta, JASMIN CYONE ANDERSON ran and squatted down behind the rear of the NOPD Police Cruiser of Defendant Officer Torrey Riley who just stopped firing his 9 mm pistol at Wilton Anderson.

7. After Wilton Anderson passed and was no longer firing, Defendant Officer Torrey Riley was no longer firing his pistol, when JASMIN CYONE ANDERSON stood up and called to Officer Torrey Riley and JASMIN CYONE ANDERSON was immediately shot once in the chest by Officer Torrey Riley sustaining serious injury, undergoing surgery at University Medical Center and sustained permanent scarring from surgery due to the shot in her chest which exited her back and disability. Photos of the entry and exit wound of Plaintiff JASMIN CYONE ANDERSON is attached hereto and made a part hereof as Exhibit A and Exhibit B.

8. JASMIN CYONE ANDERSON was unarmed and not a threat and sought help from Officer Torrey Riley, but instead was shot by Officer Torrey Riley without cause and was shot with excessive force.

3

**JURISDICTION**

9. Petitioner brings this action in this Court pursuant to 28 U.S.C. § 1391(b), as the transactional events constituting the alleged tortious behavior arose and occurred within Orleans Parish, and in conformity with Fed. Rules Civ. P. Art. 4(d); the cause is further grounded in 28 U.S.C. § 1331 *et seq.* and 1343(a)(3), 1343(a)(4), and 1367(a) as this suit raises questions of federal civil rights law and is also brought pursuant to 42 U.S.C. § 1983 *et seq.* and other related provisions. This action is authorized by 42 U.S.C. §1981, *et seq.*, especially §1983, to redress the deprivation under color of law, statute, ordinance, regulation, custom, and/or usage of rights guaranteed the Plaintiffs by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Petitioners also seek all relief afforded under state law and including La. Civil Code Article 2315 for negligent injuring, assault and battery.

**PARTIES**

10. Plaintiff, herein is **JASMIN CYONE ANDERSON,** individually who resides and is domiciled in the City of New Orleans, State of Louisiana and is a person of full age of majority.

11.Defendant, **New Orleans Police Shaun Ferguson**, of the New Orleans Police Department, in his official capacity for failing to supervise, failing to train his officers of the New Orleans Police Department and having a custom and practice of having a lack of adequate initial and recurrent firearm training for the police officers **Defendants Officer Torrey Riley**

4

are sued herein both individually and in his official capacity and **Defendant Officer Hector Acosta**, in his official capacity.

12. Defendant, **City of New Orleans, Louisiana**, is a municipality organized under the laws of the State of Louisiana with capacity to sue and be sued. Defendant City of New Orleans and its agency the New Orleans Police Department is a municipality which owns, operates, manages, directs, and controls the New Orleans Police Department which employed Mayor Latoya and Police Officers **Defendants Officer Hector Acosta and Officer Torrey Riley.**

13. Defendant, **Latoya Cantrell,** is a person of the full age of majority, a resident of Orleans Parish, and Mayor of the City of New Orleans and chief executive officer of the City of New Orleans at the time of the shooting of JASMIN CYONE ANDERSON and is sued in her official capacity.

14. Defendants **Officer Hector Acosta and Officer Torrey Riley** failed to properly follow police procedures and known standards of law enforcement.

15. At all times, all Defendants acted in concert and conspiracy and were jointly and *in solido* liable and responsible for the harms caused to Plaintiff of the shooting of **Plaintiff JASMIN CYONE ANDERSON.**

16. At all times relevant to this Complaint, all Defendants acted under color of state law.

**FACTUAL ALLEGATIONS**

17. At all pertinent times, Defendant officers were employed by the New Orleans Police Department and the City of New Orleans; at all times, Defendant Shaun Ferguson was the Police Superintendent for the New Orleans Police Department and the City of New Orleans, having been appointed to this post by Mayor Latoya Cantrell.

**CAUSES OF ACTION Count I**

**Federal Constitutional Claims**

18. The actions of all Defendants, named herein, violated decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the unlawful use of force.

**Count II**

**Federal Constitutional Claims**

19. The violations of decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of the Defendant City of New Orleans, which has tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, and discipline in the areas of:

1. The use of force by police officers;
2. The proper exercise of police powers, including but not limited to the making of an arrest, engagement with civilians, and the use of force;
3. The monitoring and disciplining of officer misconduct;
4. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;
5. Police officers' use of their status as police officers to employ the use of force;
6. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, engagement with civilians, and the use of force under such circumstances as presented by this case, laid out above.
7. Defendant, **New Orleans Police Chief Shaun Ferguson** of the New Orleans Police Department, in his individual and official capacity for failing to supervise, failing to train his officers of the New Orleans Police Department and having a custom and practice of of doing inadequate investigations and issuing false press statements stating **Plaintiff**

7

**JASMIN CYONE ANDERSON** was shot by Wilton Anderson when she was shot by Officer Torrey Riley.

**Count III State Law Claims**

20. The actions of Defendant Officers named herein constitute the torts of assault and battery under the laws of the State of Louisiana. Petitioner claims damages under La. C.C. 2315 for assault and battery shooting Plaintiff in the chest causing serious injury, needing surgery and having permanent scarring and disability.

21. Plaintiff lists her damages as follows:

Damages for negligence under La. C.C. 2315 and for Constitutional violations and under 42 U.S.C. Section 1983 for excessive force

Damages for excessive use of force shooting Plaintiff in the chest

Past pain and suffering

Future pain and suffering

Past mental anguish

Future mental anguish

Permanent scarring on the chest, stomach and back of female Plaintiff.

8

Punitive damages against the named police officers for their actions.

Attorney fees and costs

22. Plaintiff hereby demands for a trial by jury as to all claims.

**Wherefore**, Plaintiff respectfully requests compensatory damages as to all defendants, punitive damages from Defendant police officers, judicial interest, reasonable attorney's fees and costs as to all Defendants, and such other and further relief as may appear just and appropriate.

Respectfully Submitted,

*Jasmin Cyone Anderson,* /s/ Jasmin Anderson
_____

Jasmin Cyone Anderson, individually
~~[address redacted]~~ 2012 Mirabeau Ave
New Orleans, La. ~~70117~~ 70122
Email jasminanderson195@gmail.com
Ph. 504-544-1152

**PLEASE SERVE ALL DEFENDANTS**

1. Police Chief Shaun Ferguson

NOPD Headquarters
715 S. Broad St.

9

New Orleans, La.

  2. Mayor Latoya Cantrell
     City Hall
     Loyola Ave.
     New Orleans, La.

  3. Officer Torrey Riley

3rd District NOPD
4650 Paris Ave.
New Orleans, LA 70119


  4. Officer Hector Acosta

4650 Paris Ave.
New Orleans, LA 70119

2