## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JASMINE CYONE ANDERSON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 22-01534** |
| | * | |
| **CHIEF SHAUN FERGUSON,** | * | |
| **NEW ORLEANS POLICE DEPARTMENT,** | * | |
| **OFFICER TORREY RILEY,** | * | |
| **OFFICER HECTOR ACOSTA,** | * | |
| **CITY OF NEW ORLEANS,** | * | **SECTION "I"** |
| **MAYOR LATOYA CANTRELL** | * | **JUDGE AFRICK** |
| | * | |
| | * | **MAGISTRATE "2"** |
| | * | **JUDGE CURRAULT** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER

NOW INTO COURT, come Defendants, the City of New Orleans, Shaun Ferguson, in his individual and official capacity as Superintendent of the New Orleans Police Department ("NOPD"), Torrey Riley, in his individual and official capacity as an NOPD Police Officer, Hector Acosta, in his individual and official capacity as an NOPD Police Officer, and LaToya Cantrell, in her official capacity as Mayor of the City of New Orleans, through undersigned counsel, who respectfully answer the specific allegations contained in Plaintiff's Complaint as follows:

1.

The allegations set forth in Paragraph 1 do not require an answer by Defendants. To the extent that a response is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

2.

The allegations set forth in Paragraph 2 contain legal conclusions and do not require a response. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations set forth in Paragraph 3 contain legal conclusions and do not require a response. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

4.

The allegations set forth in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations set forth in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations set forth in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations set forth in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations set forth in Paragraph 8 contain argument and legal conclusions which do not require an answer by Defendants. To the extent that a response is deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

9.

The allegations set forth in Paragraph 9 do not require a response, except to admit that jurisdiction and venue are proper. To the extent that a response is deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

10.

The allegations set forth in Paragraph 10 are not directed at Defendants, and thus, do not require a response. To the extent that a response is deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

11.

Defendants Ferguson, Acosta and Riley admit that they are members of NOPD. All other allegations are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are admitted insofar as the City is a municipal corporation capable of suing and being sued. All other allegations are denied for lack of sufficient information to justify a belief therein.

13.

Defendant Cantrell admits that she is Mayor of the City of New Orleans. All other allegations are denied for lack of sufficient information to justify a belief therein.

14.

The allegations set forth in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations set forth in Paragraph 15 contain argument and legal conclusions, which do not require an answer by Defendants. To the extent that a response is deemed required, the allegations are denied for lack of sufficient information to justify a belief therein.

16.

The allegations set forth in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations set forth in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations set forth in Paragraph 18 are denied as there is no allegation that the Plaintiff is deceased. Additionally, Paragraph 18 contains argument and legal conclusions, which do not require an answer by Defendant. To the extent that a response is deemed required, the allegations are denied.

19.

The allegations set forth in Paragraph 19 contain argument and legal conclusions, which do not require an answer by Defendants. To the extent that a response is deemed required, the allegations are denied.

20.

The allegations set forth in Paragraph 20 are denied.

21.

The allegations set forth in Paragraph 21 are denied.

Plaintiffs prayer for relief is denied.

**AND NOW, IN FURTHER ANSWERING:**

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a right, claim, or cause of action upon which relief can be granted by Defendants.

2. In the alternative, Defendants herein affirmatively aver that Plaintiff's alleged injuries and damages were caused by persons or parties over whom Defendants exercised no authority, jurisdiction, control, or supervision, and for whom it is not legally responsible.

3. Defendants aver that at all times pertinent hereto, they acted in good faith insofar as enforcing the laws and ordinances of the Parish of Orleans, and the Constitution and laws of the United States of America and the State of Louisiana.

4. In the alternative, and in the event this Honorable Court should find that the Defendants were guilty of any negligence whatsoever, which proximately caused, or contributed to the alleged injuries, which Defendants deny, then Defendants herein specifically plead contributory negligence/comparative fault on the part of the Plaintiffs which would mitigate any recovery on behalf of the Plaintiffs herein.

5. Defendants specifically plead that it is entitled to the immunity afforded to public officials for discretionary acts as set forth in La. R.S. 9:2798.1

6. Defendants aver that at all times pertinent hereto, its actions were reasonable, justified, and legally permissible under the circumstances.

7. Defendants herein submit that Plaintiff's claims are frivolous, groundless, and/or unreasonable, and, as such, Defendants herein are entitled to an award against Plaintiff for all attorney's fees and costs expended in this matter pursuant to federal law, and, if applicable, 42 U.S.C. § 1988.

8. Defendants herein submit the City of New Orleans did not have a policy, practice, or custom that was the moving force behind any alleged constitutional deprivation.

9. Defendants specifically plead that they are entitled to and protected by the defense of qualified immunity as a matter of law.

10. All actions by Defendants herein were taken in good faith, under the law, and without malice.

11. Defendants allege that the acts upon which the Complaint is based were privileged, in that the acts were necessary to secure important governmental and public interest relative to public safety and welfare, there was a need for prompt action because of exigent circumstances, and NOPD attempted to minimize any risk of wrongful, erroneous or unnecessary deprivation of life, liberty, property or any constitutional rights.

## **RESERVATION OF RIGHTS**

To the extent permitted by law, Defendants herein reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and/or require.

Respectfully submitted,

*/s/ Kristen A. Lee* _____
**KRISTEN A. LEE, LSB # 36890**
ASSISTANT CITY ATTORNEY
kristen.lee@nola.gov
**CORWIN ST. RAYMOND, LSB # 31330**
DEPUTY CITY ATTORNEY
cmstraymond@nola.gov
**CHURITA H. HANSELL, LSB# 25694**
CHIEF DEPUTY CITY ATTORNEY
chhansell@nola.gov
**KEVIN C. HILL, LSB# 26338**
SENIOR CHIEF DEPUTY CITY ATTORNEY
kchill@nola.gov
**DONESIA D. TURNER, LSB# 23338**
donesia.turner@nola.gov
CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
*Counsel for the City of New Orleans, NOPD Superintendent Shaun Ferguson, NOPD Officer Torrey Riley, NOPD Officer Hector Acosta, Mayor Latoya Cantrell*